FRANK H. THOMAS *vs.* JOHN S. COLVIN.

Kent County, April Term, 1893.

**Practice.    Capias ad Respondendum.**—A writ of *capias ad respondendum* based on an affidavit alleging that the defendant "is about to abscond from his place of abode," will be quashed for insufficiency of affidavit.

The defendant having been arrested under a *capias ad respondendum* in a civil action and having given bail for his appearance, *Richard R. Kenney,* for defendant, moved to quash the writ upon the ground that the affidavit upon which it was issued was insufficient.    The objections urged are stated in the opinion.

*John D. Hawkins,* for plaintiff.

LORE, C. J., delivered the opinion of the Court.

In the case of *Frank H. Thomas vs. John S. Colvin* No. 43, to October Term, 1893, being a capias case, a *capias ad respondendum* was issued, and the defendant gave bail for his appearance to this term of court. An affidavit was filed under our statute and the motion is now made to quash the writ on the ground, as we understand it, of the insufficiency of the affidavit. You will observe that the statute says this: " That hereafter no writ of *capias ad respondendum* shall be issued against any citizen of this State, in any civil action unless the plaintiff therein, or if there be more than one, some one or more of the plaintiffs, shall have made a written affidavit, and filed the same in the office of the Prothonotary of the Superior Court of the county out of which the writ is to issue, stating that to the best of his or their belief the defendant has absconded, or is about to abscond from the place of his usual abode; or that the defendant is justly (and here comes in the question of this affidavit) indebted to the plaintiff, in a sum exceeding fifty dollars, and that he verily believes the said defendant has secreted, conveyed away, assigned, settled, or disposed of, either money, goods, chattels, stock, securities for money, or other personal estate or real estate of the value—of more than one hundred dollars, with intent to defraud his creditors, and shall, moreover, in such affidavit, specify and set forth the supposed fraudulent transactions." And, where you base it upon the fraudulent transaction, it must be the disposition of the defendant's property with intent to defraud his creditors. The specification set forth in this affidavit is that the defendant procured property by fraud and fraudulent representations. The statute requires that the specification shall be that he disposed of—got rid of—property for the purpose of defrauding his creditors. What gave us difficulty was this: This statute provides where the plaintiff makes affidavit that he believes that the defendant has absconded, or is about to abscond, from the place of his usual abode. That seems to be a distinct matter in itself. This affidavit does say that, to the best of

his (the plaintiff's) belief, "the said John S. Colvin is about to abscond from his place of abode." If it had said, "from the place of his usual abode," we are not sure but that that would have held, because it seems to meet the requirement of the statute that the defendant may be held upon the ground that he is about to abscond from the place of his usual abode. The ground upon which we base our decision is that no man should be deprived of his liberty, where the statute provided certain things shall be done, unless that is strictly done, and the affidavit in that regard does not meet the requirements of the statute. We, therefore, order that this writ be quashed.